UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANCINE E. TYSON,<br><br>    Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br><br>    Respondent. | Case No. 3:14-cv-456-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

Before the Court is Francine Tyson's Petition for Review, filed October 25, 2014, seeking judicial review of a final decision of the Commissioner of Social Security. (Dkt. 2.) Petitioner claims she was denied due process because she did not receive notice of adverse action regarding her 2006 application for benefits and, upon filing a new application in 2011, her disability onset date was amended resulting in a loss of five years of back benefits. The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR). For the reasons that follow, the

**MEMORANDUM DECISION AND ORDER - 1**

Court will remand for further proceedings as more fully explained below.

## BACKGROUND

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on November 21, 2006, claiming disability beginning December 31, 1994, due to Crohn's disease, chronic obstructive pulmonary disease (COPD), lumbar degenerative disc disease, fibromyalgia, major depressive disorder, anxiety disorder, and pain disorder with both psychological factors and medical conditions. (Dkt. 14 at 2.) Petitioner's application was denied on June 5, 2007.

Petitioner filed a second application for disability insurance benefits on April 7, 2008. This application was denied initially and on reconsideration, and a hearing was held on November 3, 2010, before Administrative Law Judge (ALJ) Moira Ausems.

After hearing testimony from Petitioner and a witness, ALJ Ausems issued a written decision on December 10, 2010. Preliminarily, ALJ Ausems determined that, because the April 7, 2008 application was filed less than twelve months after the initial denial, and there was good cause to reopen under 20 C.F.R. §§ 404.988 and 416.1488, the application filed on November 21, 2006, should be reinstated. (AR 104.) ALJ Ausems issued a fully favorable decision on December 10, 2010, finding Petitioner disabled as of November 21, 2006.  (AR 99.)

In correspondence from the Social Security Administration following ALJ Ausems' fully favorable determination, Petitioner was instructed to submit her household financial information, including documentation of her husband's income, to determine

**MEMORANDUM DECISION AND ORDER - 2**

her monthly social security benefit amount. (AR 26.) The Social Security Administration's Lewiston, Idaho, office contacted Petitioner in writing on December 27, 2010, and January 7, 2011, instructing her to provide her household financial information. (AR 26-27, 28-29.) In the January 7, 2011 letter, Petitioner was given 30 additional days to submit the necessary information and was informed, "[i]f we deny your application, we will send you another letter to explain our decision. The letter will also explain your right to appeal." (AR 26.)

Both letters stated that failure to respond may lead to a denial of benefits, but that if the application was denied, a separate letter would be sent to explain the final decision. The Commissioner asserts a "manual denial" was issued to Petitioner on or about April 19, 2011; however, there is no evidence in the administrative record that any denial letter was sent.[1] Petitioner never received the social security disability benefits.

Sometime in the fall of 2011, Petitioner was contacted by telephone by the Lewiston, Idaho, Social Security Field Office, and informed she needed to submit a new application for social security benefits.[2] (AR 10.) Petitioner reapplied for social security benefits on November 7, 2011, and a hearing was conducted on November 15, 2013, by

---

[1] The Commissioner asserts also that Petitioner was sent a "close out notice on or around April 19, 2011." (Dkt. 21 at 3.) This "close out notice" is not in the administrative record.

[2] It is not clear in the record why Petitioner was told to submit a new application. However, Petitioner suggests that notes provided by the Lewiston, Idaho Social Security Field Office regarding her case had a notation that a "new IC Appt is needed," which may have been mistaken as a request for a new application. (AR 234; Dkt. 14 at 5.)

**MEMORANDUM DECISION AND ORDER - 3**

ALJ R.J. Payne.[3]

Petitioner's counsel raised the underlying due process issue before ALJ Payne. Petitioner contended that she did not receive notice of adverse action regarding her 2006 application, and she requested the ALJ reopen her November 21, 2006 application. ALJ Payne declined to reopen Petitioner's prior application, explaining Petitioner "was not in pay status due to excess income and resources and a failure to return required financial paperwork. She was required to file this new application because she had not been in pay status for over a year . . . . The claimant's representative specifically raised this issue to the Appeals Council and they ignored it (i.e. they did not respond according to the representative). Therefore the undersigned will not address this issue." (AR 44.) On December 6, 2013, ALJ Payne issued a favorable written decision finding Petitioner disabled. However, ALJ Payne determined that November 7, 2011, was Petitioner's disability onset date and the start of the relevant time period for calculating benefits.[4] (AR 44.)

Petitioner sought review of the ALJ's determination denying her request to reopen her November 21, 2006 application. On August 26, 2014, the Appeals Council denied

---

[3] During the hearing, Petitioner testified regarding her failure to provide the requested financial information after the issuance of the first fully favorable determination. Petitioner claims she was unable to timely submit the required information for several personal reasons. Specifically, Petitioner alleges she was unable to send documentation of her husband's income because he was an alcoholic and would not cooperate. (AR 10-11; Dkt. 14 at 2-3.) Also, Petitioner alleges that, at that time, she was living with her son in Washington State, and made two trips to the emergency room for her health conditions. (AR 381-400; Dkt. 14 at 2-3.) Petitioner claims for these reasons she was unable to timely send the financial documentation required to determine her monthly SSI benefit amount.

[4] Had the ALJ reopened the November 21, 2006 application as Petitioner requested, she would have received approximately five years of additional retroactive benefits.

**MEMORANDUM DECISION AND ORDER - 4**

review, because the issue raised was a due process issue and not an issue of medical disability. The Appeals Council stated in its letter that, although they were unable to locate the denial letter formally terminating benefits, "we also determined that your benefits were terminated in a technical denial due either to excess resources or a failure to comply with a field office request to provide proof of your resources. This issue is outside the scope of the issues considered by the Administrative Law Judge," and "the Appeals Council is explicitly *not* ruling on the merits of your due process claim." (AR 1-2.)

The Appeals Council instead referred Petitioner's claim to the "Office of Retirement & Survivors Benefits" as the appropriate agency office to handle the due process issue. (AR 2.)[5] Accordingly, the Appeals Council's August 26, 2014, decision constitutes the final decision of the Commissioner, which Petitioner appealed to the Court.

## DISCUSSION

Petitioner contends the Commissioner committed legal error by violating 20 C.F.R. § 416.1402 (a) and (b), 20 C.F.R. § 416.1404 and her Fifth Amendment right to due process by failing to send a written notice of denial of benefits and appeal rights upon Petitioner's failure to send in requested financial information. (Dkt. 14 at 4.) Respondent contends the Court does not have jurisdiction to review challenges to reopen an application pursuant to 20 C.F.R. § 416.1403(a)(5). Alternatively, Respondent argues

---

[5] Petitioner asserts neither she, nor the Lewiston, Idaho, Social Security Field Office, was contacted by, or was able to locate, this agency office.

**MEMORANDUM DECISION AND ORDER - 5**

reopening Petitioner's first favorable application is administratively improper, because "the life of an application terminates whenever the claimant fails to cooperate when asked to provide information on her income and resources," and because Petitioner failed to cooperate, her application was properly terminated. (Dkt. 21 at 3.)

The United States Supreme Court has held that the "interest of an individual in continued receipt of [Social Security disability] benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 107–09 (1977). However, the Court has jurisdiction to review the Commissioner's decision not to reopen an application when the Petitioner presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (quoting *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202-03 (9th Cir. 1990). "A claim is 'colorable' if it is not 'wholly insubstantial, immaterial, or frivolous.'" *Rolen*, 273 F.3d at 1191.

Petitioner claims she lost benefits because she was denied due process in the form of a notice of suspension of payment or other similar notice upon her failure to comply with the Administration's request for financial information. Petitioner raises a colorable

constitutional claim, and the Court therefore has jurisdiction to review the Appeals Council's refusal to reopen Petitioner's 2006 application.

Turning to the merits of Petitioner's due process claim, the Court notes that "[t]o satisfy due process, the notice accompanying an Order of Dismissal of a Social Security benefits application 'must be reasonably calculated to afford parties their right to present objections.'" *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001) (quoting *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990)). There is no evidence in the administrative record that written notice was sent to Petitioner informing her of the reasons she would not receive benefits and the steps necessary to pursue an appeal, seek reconsideration, or otherwise object to the determination. *See* 20 C.F.R. § 416.1402; 20 C.F.R. § 416.1404(a) (requirement to provide written notice of determination); 20 C.F.R § 416.1404(b) (requirement to notify of right to reconsideration). The two letters Petitioner received merely stated that failure to respond to the Administration's request for information "may" lead to a denial of her application. Both letters indicated that another letter would be sent explaining any decision, and explaining Petitioner's right to appeal.

The preliminary notices given in this case do not clearly indicate that, if Petitioner failed to send in financial information, she would not receive benefits, nor did the notices inform Petitioner of her right to appeal or seek reconsideration of a denial. The Court

**MEMORANDUM DECISION AND ORDER - 7**

concludes that the lack of notice violated Petitioner's due process rights, and the denial of Petitioner's request to reopen her 2006 application was in error.[6]

"Ordinarily, when a due process violation requires that an application for benefits be reopened, the case is remanded to the Commissioner so that the agency can rule on the merits of the plaintiff's disability claims in the first instance." *Udd v. Massanari*, 245 F.3d 1096, 1102 (9th Cir. 2001). Here, however, the first ALJ determination found Petitioner disabled from the onset date of November 21, 2006, through the date of decision issued on December 10, 2010. And, the second ALJ determination found Petitioner disabled as of November 7, 2011, through December 6, 2013. An eleven month gap exists between the date of the first decision (December 10, 2010), and the disability onset date of November 7, 2011.

Although ALJ Payne carefully worded his written determination establishing Petitioner's disability onset date as of November 7, 2011, for the purpose of Petitioner's second application, there is nothing in the record to suggest Petitioner was not continuously subject to disability existing from the prior onset date of November 21, 2006. Petitioner was awarded disability benefits, and found disabled as of November 21, 2006. Had ALJ Payne reopened Petitioner's first application, there is no evidence in the

---

[6] Respondent argues reopening is improper unless good cause is presented. However, Respondent offers a substantive argument pursuant to 20 C.F.R. § 416.1489(a), which requires a showing of good cause if (1) new and material evidence is furnished; (2) a clerical error was made; or (3) the evidence that was considered in making the determination or decision clearly shows on its face that an error was made. Petitioner raises a constitutional claim constituting cause for reopening the 2006 application, and therefore 20 C.F.R. § 416.1489(a) does not apply under the circumstances presented here, regardless of the reason Petitioner failed to comply with the information request.

**MEMORANDUM DECISION AND ORDER - 8**

record to support a finding that Petitioner was not subject to a continuing period of disability dating back to November 21, 2006.[7] The evidence in the record establishes there was no significant change in Petitioner's condition during the eleven month gap between disability determinations; rather, substantial evidence in the record establishes Petitioner was continuously disabled during this time.

First, both ALJs determined Petitioner's impairments were substantially the same. ALJ Ausem's December 10, 2010 determination found Petitioner suffered from severe impairments of Crohn's disease, chronic obstructive pulmonary disease (COPD); lumbar degenerative disc disease; fibromyalgia; major depressive disorder; anxiety disorder; and pain disorder with both psychological factors and medical conditions. (AR 106-107). She further found Petitioner's residual functional capacity (RFC) for sedentary work was compromised by her "inability to engage in/perform even simple sedentary level work activities on a consistent sustained basis." (AR 108.) Petitioner was determined to have no past relevant work experience and there existed no jobs in significant numbers in the national economy that she could perform. (AR 109.)

Similarly, ALJ Payne's December 6, 2013 decision found Petitioner suffered from severe impairments of fibromyalgia; hypertension; chronic obstructive pulmonary disease; ulcerative colitis; degenerative disk disease; major depressive disorder; pain disorder; dependent personality disorder; and prescription opiate dependence. (AR 46.)

---

[7] In fact, ALJ Payne recognized that benefits would be appropriately awarded from an earlier date had he reopened the prior application, considering he stated that, "there are no prior apps that can be reopened, therefore November 7th, 2011, will be the start of the relevant period." (AR 52.)

**MEMORANDUM DECISION AND ORDER - 9**

He found Petitioner had the RFC to perform "less than sedentary work . . . and is unable to engage in sustained work activity for a full 8-hour workday on a regular and consistent basis…." (AR 47.) He determined also she had no past relevant work and that no jobs existed in significant numbers in the national economy that she could perform. (AR 48.)

Second, Petitioner continued seeking medical treatment for her medical conditions during the period between December 10, 2010, and November 7, 2011. Evidence in the record confirms Petitioner had at least two hospital visitations during this time period. She was treated on January 3, 2011, for hip and back pain and again on June 3, 2011, for joint pain. (AR 375-379 and 391-401.)

Remand for further consideration does not appear necessary under the facts presented here. Rather, remand for an award of benefits for the period November 21, 2006, through November 7, 2011, is warranted. *See Gonzalez*, 914 F.3d at 1203; *see, e.g.*, *Howard v. Apfel*, 17 F.Supp.2d 955, 971-72 (W.D. Missouri 1998) (ALJ found plaintiff disabled as of the day after the denial on reconsideration of her first application filed in 1991, and the evidence in the record established the claimant's condition was substantially the same in 1991 as it was on the date she filed her second application; remand was not warranted and the claimant was entitled to benefits covering the entire period).

**MEMORANDUM DECISION AND ORDER - 10**

## CONCLUSION

Based upon the above analysis, the Court finds Petitioner was denied due process because she was not given notice of her right to appeal or contest the failure to award benefits from her first application. Because ALJ Payne found Petitioner disabled for substantially the same reasons as ALJ Ausem did in the first disability determination, and the evidence in the record establishes Petitioner's condition was substantially the same in 2006 up to and including the revised onset date of November 7, 2011, remand for further consideration is not warranted, other than for an award of benefits covering the period from November 21, 2006, to November 7, 2011.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision is **REMANDED** for further proceedings to calculate benefits consistent with the Court's order.



DATED: March 31, 2016

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**